June 7, 1910.

No. 5083.

(Court of Appeal, Parish of Orleans.)

## ANCHOR SAWMILL COMPANY vs. ACME LUMBER COMPANY.

J. Zach Spearing for plaintiff and appellee.

Pierson, Walton & Pierson for defendant and appellant.

ST. PAUL, J.—Plaintiff brought suit against defendant for the price of certain lumber sold and delievered. Among other matters set up in defense, defendant admitted that it had given plaintiff an order for certain lumber, and averred:

"That the said order, to plaintiffs knowledge, was given to plaintiff to fill an identical order received by defendant from W. T. Carey & Bro., contractors, in this city, to be used by them in a building under contract with them."

And defendant further set up:

"That W. T. Carey & Bro., * * * who promised to pay **this defendant** for the lumber ordered by them are bound as warrantors in favor of defendant, * * * and defendant is entitled to call them in warranty and recover against them as warrantors, whatever judgment may be rendered against defendant."

And defendant prayed that W. T. Carey & Bro. be called in warranty, etc.

Carey & Bro. excepted to the call in warranty, as showing no cause of action. Their exception was maintained and the call in warranty was dismissed. From this judgment defendant appeals.

The judgment of the District Court is correct. Defendants answer, may or may not show a cause of action against Carey & Bro. for the price of the lumber sold to them by relator, which lumber relator had purchased

from plaintiff, the Anchor Saw Mill Company, and for the price of which defendant is now being sued. That question, however, is not before us on this appeal. The only question presented at this time is whether the allegations of defendant's answer show a right on the part of defendant to call Carey & Bro. in warranty in the present suit. We are of opinion that it fails to show any such right.

Nowhere in said answer is it alleged that Carey & Bro. are obligated or have promised to pay the debt, if any, which the Acme Lumber Company, defendant herein, owes to the Anchor Sawmill Company. On the contrary, it is distinctly alleged that Carey & Bro. promised to make payment to "this defendant," and not to the Anchor Sawmill Company, the plaintiff.

The right to call in personal warranty can arise only when there is but **one debt** due by the defendant, but which the warrantor is bound to pay for his account. Here there are two distinct debts alleged, one due by defendant to plaintiff, and the other due by Carey & Bro. to defendant.

The fact that both debts may be for a like sum, and may have grown out of the purchase and resale of the same lumber does not alter the fact that the two debts are entirely distinct.

Judgment affirmed.

June 8, 1910.

Rehearing refused June 22, 1910.